IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JASON DAVID COOPER, : | |
| : | |
| Petitioner, : | |
| : | |
| vs. : | Civil Action File No. |
| : | **1:04-CV-33 (WLS)** |
| CARL HUMPHREY, Warden, : | |
| : | |
| Respondent. : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner *habeas corpus* action is respondent's motion to dismiss (tab 9).

Petitioner executed this petition on March 1, 2004, challenging his September 27, 2000, Worth County guilty plea and sentences for child molestation. Plaintiff did not file a direct appeal. On October 30, 2001, petitioner filed a state habeas corpus petition challenging his 2000 convictions. After an evidentiary hearing on April 10, 2002, the state habeas court denied relief in an order filed June 16, 2003. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal in an order dated November 17, 2003.

On or about March 1, 2004, petitioner executed the instant petition. Respondent moves to dismiss the petition as untimely based upon the one-year statute of limitations under 28 U.S.C § 2244(d).

Section 2244(d) of the AEDPA provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired. Clay v. United States, 537 U.S. 522, 527 (2003).

Georgia law provides that an appeal of a guilty plea shall be filed within 30 days of such plea. O.C.G.A. § 5-6-38.  In this case, petitioner entered a guilty plea on September 27, 2000; petitioner did not file a direct appeal, therefore, his conviction became final on or about October 27, 2000, when the time for filing such an appeal expired.  Petitioner therefore had one year from October 27, 2000 in which to seek federal habeas relief or to otherwise toll the one year statute of limitation by properly filing an application for post-conviction relief or other collateral review.

Petitioner states that he submitted his application for state habeas relief on September 7, 2001, and was given an extension of time to comply with paying the necessary filing fees.  He has attached (tab 14) copies of letters sent to him by the court requiring plaintiff to pay the filing fee and denying his motion to proceed *in forma pauperis*.  The petition itself is dated August 23, 2001, but the undersigned will accept petitioner's date of September 7, 2001 as the filing date. By the time petitioner filed the state habeas petition,  almost ten months of the one-year

limitation period had already expired.

Petitioner still waited some 100 days to elapse from November 17, 2003, the date the Georgia Supreme Court denied his application for a certificate of probable cause to appeal, until March 1, 2004, when the current petition was filed herein.  Nothing triggers the tolling provision during these 100 days; therefore, even under petitioner's version of the date of filing of his state habeas, his current habeas is clearly untimely.

Petitioner further states that the failure to timely file the present habeas should be equitably tolled, as petitioner pursued post-conviction relief with due diligence, including consulting with the Center for Prisoner Legal Assistance (CPLA), attempting to first file a habeas petition in the Southern District of Georgia, and having to obtain materials from his mother, who apparently keeps the originals of all of petitioner's documents.  Petitioner also requests that his ignorance of the law be taken into account, and that the present petition be heard on its merits.  Finally, petitioner includes an affidavit from his mother stating that she attempted to obtain forms from the Middle District of Georgia in a timely manner, but did not receive them for several months despite requests for the proper forms.  (Tab 14, Exhibit, page 20).

In Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999), the United States Supreme Court stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik, 177 F.3d at 1271.

While equitable tolling is an "extraordinary remedy which is typically applied sparingly," Steed, 219 F.3d at 1300, it "can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent

petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir.2001); *see also* Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999) (holding that the limitations period may be equitably tolled where "a movant untimely files because of *extraordinary circumstances* that are both beyond his control and *unavoidable even with diligence* " (emphasis added)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Drew, 297 F.3d at 1286. To establish diligence, then, the petitioner must present evidence showing reasonable efforts to timely file his action. Id. at 1287-89.    Because of the difficult burden, this Court has rejected most claims for equitable tolling. See, e.g., Johnson v. United States, 340 F.3d 1219 (11th Cir.2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); Helton, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); Steed v. Head, 219 F.3d 1298 (11th Cir.2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); Sandvik v. United States, 177 F.3d 1269 (11th Cir.1999) (holding that attorney negligence will not warrant equitable tolling).

While petitioner has provided some evidence of his diligence in pursuing post conviction relief, he has not demonstrated the kind of extraordinary circumstances contemplated by the application of equitable tolling.  The issues described by petitioner are not beyond his control; despite having contacted the CPLA, petitioner was told that they may not take his case.  It was therefore incumbent upon petitioner to be ready to pursue post conviction relief in the event the CPLA opted not to take his case.  Equitable tolling is meant to be applied sparingly; petitioner

has not demonstrated the extraordinary circumstances necessary to excuse his untimeliness.

Therefore, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition as untimely be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO  RECOMMENDED**, this 26th  day of July, 2005.

                                          //S Richard L. Hodge
                                          RICHARD L. HODGE
                                          UNITED STATES MAGISTRATE JUDGE

msd